**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-27937-KUNTZ**

**RODRIGUEZ FERNANDEZ,**

Petitioner,
v.

**KROME NORTH SERVICE PROCESSING CENTER,**

Respondent.
_________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte* on receipt of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF 1], filed by Omar B. Rodriguez Fernandez on November 9, 2026. This is not his first request. *Id.* at 5. Still, the Petition, which omits key details as to the recent denial by Judge Altman, reaches the same result. *See Rodriguez Fernandez v. Krome North Service Processing Center*, No. 26-cv-25368-RKA, Order [ECF 10], filed September 4, 2026 (S.D. Fla. 2026). As previously explained, the petitioner's length of detention is presumptively reasonable. *See generally id*. Even if a final removal order had not become effective on August 6, 2026, his past conviction of 32 months would still militate in favor of continued detention. *Id.* Before the Court, there is no support for his claim that "[n]ew facts arose after the removal order, including expiration of the initial 90-day period." [ECF 1 at page 7]. Therefore, notwithstanding other defects, the Petition is **DENIED**.

## ***Background***

The petitioner is a Cuban national, whose "Memorandum of Law" does not indicate when, where, or how he entered the country illegally. [ECF 1-1 at page 1]. Besides disclosing his country of origin, the Petition is largely silent on basic facts. *See generally id.* For instance, the Court only learned of the petitioner's criminal history from Judge Altman's order of dismissal, which the petitioner merely characterizes as "[d]ismissed without prejudice (premature)." [ECF 1 at page 5]. However, Judge Altman's order was quite clear that: since the petitioner's final order became effective in August, "[h]is post-removal order of detention was therefore comfortably within the ninety-day removal period the INA requires—and **well within *Zadvydas*'s six-month period of presumptive reasonableness**." *Rodriguez Fernandez v. Krome North Service Processing Center*, No. 26-cv-25368-RKA, Order [ECF 10 at page 4], filed September 4, 2026 (S.D. Fla. 2026) (emphasis added). "To the extent Petitioner challenges the outcome of the bond hearing, the Court declines to comment on such a challenge, which is not properly before the Court, and which lies in the sound discretion of the immigration judge. *See* 8 U.S.C. § 1226(e)." *Scull Aranguren v. Miami Federal Detention Center et al*, No. 26-cv-25462-WPD, Order [ECF 3 at page 2], filed August 13, 2026 (S.D. Fla. 2026). Again, the Petition appears conclusory in asking for extraordinary relief while bypassing all administrative remedies. [ECF 1 at pages 2-3].

Moreover, neither this Petition, nor any prior, includes an exhibit regarding the petitioner's past conviction, even though it is widely understood that "[f]ollowing

the recent passage of the Laken Riley Act, Pub. L. 119-1, 139 Stat. 3 (2025) (codified at 8 U.S.C. § 1226(c)(1)(E)), Congress expanded the mandatory detention provisions of § 1226(c) specifically to include present, unadmitted aliens who were **convicted of** or charged with certain offenses." *Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1278 (11th Cir. 2026) (emphasis added). So, under 8 U.S.C. § 1101(a)(43)(G), for example, an "aggravated felony" involves a "term of imprisonment [for] at least one year." That said, the government's earlier response to Judge Altman's order to show cause invokes 8 U.S.C. § 1231(a)(6) for removal. *Rodriguez Fernandez v. Krome North Service Processing Center*, No. 26-cv-25368-RKA, Order [ECF 8 at page 1], filed September 4, 2026 (S.D. Fla. 2026). In turn, denial flows from that framework for the following reasons.

## I. LEGAL STANDARD

Under 28 U.S.C. § 2241(a), a district court may grant a writ of habeas corpus as "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citations omitted). So, any petitioner who demonstrates unlawful detention under the Constitution or federal law may warrant immediate release under 28 U.S.C. § 2241(c)(3). Fundamentally, though, habeas relief is discretionary. *See Withrow v. Williams*, 507 U.S. 680, 716-19 (1993); *see also Hernandez v. Warden, Krome Serv. Processing Ctr.*, 26-cv-22756, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026). Still, courts can exercise jurisdiction over certain challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Yet, Section 2243 also authorizes courts to deny legally insufficient petitions for

habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court… entertaining an application for a writ of habeas corpus shall forthwith award the writ or… direct[] the respondent to show cause why the writ should not be granted, **unless** it appears from the application that the applicant… is not entitled thereto.") (emphasis added); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face…" (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

## II. DISCUSSION OF DENIAL

Again, as the Supreme Court has held, the Fifth Amendment bars indefinite detention for aliens, who do not appear to be removable. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). But this Petition does not show how the petitioner is unremovable as such. *See generally* [ECF 1]. Rather, it mischaracterizes the earlier order by claiming that Judge Altman labeled only three months of detention as "premature," whereas he actually held that anything under six months was presumptively reasonable under *Zadvydas*. *See Demore v. Kim*, 538 U.S. 510 (2003); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). In turn, detained for approximately three months [ECF 1 at page 4], the petitioner does not set forth any new facts that could warrant discretionary relief either, despite claiming as much. *See Withrow v. Williams*, 507 U.S. 680, 716-19 (1993); *see also Hernandez v. Warden, Krome Serv. Processing Ctr.*, 26-cv-22756, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026).

In that vein, while the petitioner seeks immediate release, there are no cases offered in support. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami,* 175 F.4th 1258, 1263 (11th Cir. 2026) ("Hernandez Alvarez ha[d] no criminal history."). Furthermore, "holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision." *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (citations omitted). Put simply, for the relief sought on well-trodden grounds, denial is again appropriate.

Separately, the Petition neglects the petitioner's "immediate custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004). Even though, "when petitioned to interfere with the workings of the State of Florida… the petitioner must clearly and unequivocally allege the identity of his immediate custodian at the relevant time, and name that individual as the respondent." *Chirinos v. Immigr. & Customs Enf't*, No. 6:26-CV-00264 AGM-DCI, 2026 WL 327639, at *6 (M.D. Fla. Feb. 8, 2026).

## III. CONCLUSION

In short, the Petition is premature, and as pled, does not entitle the petitioner to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 U.S. Dist. LEXIS 158467, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026). Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the **Petition [ECF 1]** is **DENIED**. Further, the Clerk must **CLOSE** this case, and all pending motions, if any, are **DENIED** as moot.

**DONE** in Chambers in Fort Lauderdale, Florida on November 16, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record